HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant
RAYMOND LEON RODRIGUEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND LEON RODRIGUEZ,<br><br>Defendant. | No. 2:20CR0089-02 WBS<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge: The Honorable WILLIAM B. SHUBB |

Defendant, RAYMOND LEON RODRIGUEZ, by and through his attorney, Assistant Federal Defender David M. Porter, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

/ / /

2. The United States Sentencing Commission recently amended the Sentencing Guidelines to include what now appears in USSG § 4C1.1 ("zero-point provision"). *See* Amendment 821, Part B, Subpart 1. The zero-point provision provides a 2-offense-level reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in USSG § 4C1.1(a);

3. On July 10, 2023, this Court sentenced Mr. Rodriguez to 96 months imprisonment;

4. Mr. Rodriguez's total offense level was 31, his criminal history category was I (having no criminal history points), and the resulting guideline range was 108 to 135 months;

5. The sentencing range applicable to Mr. Rodriguez was subsequently lowered by the zero-point provision;

6. Mr. Rodriguez is eligible for a reduction in sentence, which reduces his total offense level by 2 from 31 to 29, resulting in an amended advisory guideline range of 87 to 108 months. Although Mr. Rodriguez's conviction carries a 120-month mandatory minimum term of imprisonment, the Court may impose a term below the mandatory minimum term based on 18 U.S.C. § 3553(f). *See* SOR at 1;

7. Accordingly, the parties request the Court enter the order lodged herewith reducing Mr. Rodriguez's term of imprisonment to 87 months;

The following statements are provided by Mr. Rodriguez and the United States, respectively, and are not part of the parties' stipulation;

1. <u>Mr. Rodriguez's statement regarding the stipulation</u>: Defendant's counsel enters into this stipulation after having examined the pertinent documents, including the plea agreement, presentence report, statement of reasons, and judgment. Mr. Rodriguez's current projected release date is December 28, 2029. For more than 3 years, Mr. Rodriguez was on pretrial release with no compliance issues. He was "respectful and cordial[,] . . . communicative and compliant while

subject to supervision." PSR at 3, ¶ 3.  He was allowed to self-surrender following sentencing.  ECF 75.  Mr. Rodriguez, who is 76 years old and is confined to a wheelchair, is considered by the BOP to be at a "MINIMUM RISK RECIDIVISM LEVEL."  He maintains an exemplary disciplinary record and has no incident reports.  His crime was unaggravated; he did not possess any weapon and he met the criteria for the safety-valve reduction.

      2.    <u>United States' statement regarding its stipulation</u>:

The United States enters this stipulation after reviewing the Presentence Investigation Report ("PSR"), ECF No. 59; United States' sentencing memorandum, ECF No. 67; Statement of Reasons ("SOR"); Judgment, ECF No. 73; defendant's Bureau of Prisons ("BOP") disciplinary history, and after conferring with the prosecuting Assistant United States Attorney.

Defendant was convicted of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1).  At sentencing, the government recommended a sentence at the low end of the guideline range, a term of 108 months in prison.  The Court found a downward variance to 96 months appropriate based on the defendant's age and physical condition.  According to BOP records, Rodriguez has not sustained any disciplinary incidents while in federal custody.  Respectfully submitted,

Dated:  February 6, 2025

MICHELE BECKWITH
Acting United States Attorney

/s/ *Shelley D. Weger*
SHELLEY D. WEGER
Assistant U.S. Attorney

Attorney for Plaintiff
UNITED STATES OF AMERICA

Dated:  February 6, 2025

HEATHER E. WILLIAMS
Federal Defender

/s/ *David M. Porter*
DAVID M. PORTER
Assistant Federal Defender

Attorney for Defendant
RAYMOND LEON RODRIGUEZ

# ORDER

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds Mr. Rodriguez is entitled to the benefit of Amendment 821, Part B, Subpart 1, the new zero-point provision, which reduces the total offense level from 31 to 29, resulting in an amended guideline range of 87 to 108 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10, the term of imprisonment imposed in July 2023 is reduced to a term of 87 months.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence.

Unless otherwise ordered, Mr. Rodriguez shall report to the United States Probation Office within seventy-two hours after his release.

Dated: February 12, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE